**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-30217

(Summary Calendar)
_____

LILLIE LEWIS,

                                    Plaintiff-Appellant,

versus

ADJUSTCO, ET AL,

                                    Defendants,

LIVING CENTERS-EAST, INC, improperly named Living
Centers of America,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(93-CV-1828-M)
_____

September 12, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Plaintiff Lillie Lewis filed suit in state court against
Defendant Living Centers-East, Inc. ("Living Centers"), a nursing
home operator, seeking damages for the alleged wrongful death of
her father, Henry Atkins, Jr.  Living Centers removed the case to

_____

    [*]    Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

federal court, answered the suit, and issued requests for admissions. Lewis failed to respond to discovery and failed to conduct any discovery of her own. Living Centers filed a motion for summary judgment and sent notice of the hearing on the motion to the last known address of Lewis's counsel. Lewis did not respond to the motion by brief and did not attend the hearing. The district court granted the motion for summary judgment. The district court allowed Lewis to file an out-of-time motion to set aside the summary judgment, but once again Lewis failed to attend the hearing on the motion, which the district court denied. Over a year later, Lewis filed a second motion to set aside the summary judgment, which the district court again denied. Lewis then filed a notice of appeal.

Lewis argues that the district court erred in granting Living Centers' motion for summary judgment because she never received notice of the hearing time and date. Rule 5(b) requires service to the last known address of the party concerned. FED. R. CIV. P. 5(b). After reviewing the record, we agree with the district court that Living Centers complied with Rule 5(b). Counsel for Living Centers repeatedly attempted to contact counsel for Lewis by mail, telephone, and facsimile. Lewis had a duty to keep the court and opposing parties advised of a current address. She cannot be heard later to complain of the consequences of her failure to do so. *Freed v. Plastic Packaging Materials, Inc.*, 66 F.R.D. 550, 552

(E.D. Pa. 1975).

Lewis next argues that the district court erred in granting summary judgment on the merits. We disagree. We review a district court's grant of summary judgment de novo, applying the same standards as the district court. Rule 36(a) provides that any requested admission not responded to within thirty days after service is to be deemed admitted and conclusively established. FED. R. CIV. P. 36(a). In accordance with this rule, Lewis has admitted that she has no evidence in support of her claim that Living Centers' alleged negligence caused the death of her father. Even notwithstanding Rule 36(a), Lewis has presented no evidence of her own to satisfy any of the elements of a negligence claim under Louisiana law. *See Mundy v. Dep't of Health & Human Resources*, 620 So.2d 811, 813 (La. 1993). We hold that Lewis has failed to show a genuine issue as to any material fact and that Living Centers is entitled to judgment as a matter of law.

Accordingly, we AFFIRM.